UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. DELCI,<br><br>        Petitioner,<br><br>   v.<br><br>ROBERTO A. ARIAS,<br><br>        Respondent. | Case No. 2:24-cv-07531-MRA-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

On September 3, 2024, Petitioner Anthony M. Delci, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that is does not raise a claim that is cognizable on federal habeas review.

**I. Procedural History and Petitioner's Contentions**

    **A.  Trial, Direct Appeal, and Resentencing**

In October 2017, a Los Angeles County Superior Court jury convicted Petitioner of second-degree murder and acquitted him of first-degree murder. [*See* Dkt. No. 1 at 2]; *People v. Delci*, No. B292466, 2019 WL 6337601, at *1

1  (Cal. Ct. App. Nov. 27, 2019) ("*Delci I*").  The jury also found true the
2  allegation that he committed the murder for the benefit of a criminal street
3  gang but found not true the allegation that a principal personally and
4  intentionally used and discharged a firearm in the commission of the murder.
5  *See Delci*, 2019 WL 6337601, at *1.  Petitioner was subsequently sentenced to
6  30 years to life in state prison.  *See id.* at *1.

7  Petitioner appealed, and on November 27, 2019, the California Court of
8  Appeal affirmed his conviction but struck the gang enhancement and
9  remanded for resentencing.  *See id.* at 7.  The California Supreme Court
10 denied review on March 17, 2020.  *See* Cal. App. Cts. Case Info.
11 http://appellatecases.courtinfo.ca.gov/ (search for Case No. S259762 ) (last
12 visited on Nov. 4, 2024).  On October 27, 2020, the trial court resentenced
13 Petitioner to 20 years to life in state prison.  *See People v. Delci*, No. B315269,
14 2023 WL 2365340, at *2 (Cal. Ct. App. Mar. 6, 2023) ("*Delci II*").

**B. Senate Bill 1437 and Petitioner's Resentencing Petition**

16 In January 2019, California Senate Bill 1437 was enacted to "amend the
17 felony murder rule and the natural and probable consequences doctrine, as it
18 relates to murder, to ensure that murder liability is not imposed on a person
19 who is not the actual killer, did not act with the intent to kill, or was not a
20 major participant in the underlying felony who acted with reckless
21 indifference to human life." *People v. Martinez*, 31 Cal. App. 5th 719, 723
22 (2019) (citation omitted).  The bill enacted former California Penal Code
23 section 1170.95(a) to allow those so convicted to "file a petition with the court
24 that sentenced the petitioner to have the petitioner's murder conviction
25 vacated and to be resentenced on any remaining counts." *Id.* (citation
26 omitted).  On June 30, 2022, the California Legislature renumbered section
27 1170.95 as section 1172.6 "without substantive changes." *People v. Strong*, 13
28 Cal. 5th 698, 708 n.2 (2022); *Thompson v. Martinez*, No. 2:23-02959 KK

1  (ADS), 2023 WL 8939217, at *1 n.1 (noting that "California Legislature
2  renumbered section 1170.95 as section 1172.6 without making substantive
3  changes to the statute"), *accepted by* 2024 WL 313612 (C.D. Cal. Jan. 25,
4  2024), *appeal filed*, No. 24-818 (9th Cir. filed Feb. 15, 2024).
5      On January 29, 2021, Petitioner filed a petition for resentencing
6  pursuant to former section 1170.95 in the superior court. [*See* Dkt. No. 1 at
7  4]; *Delci II*, 2023 WL 2365340, at *2. The superior court held an evidentiary
8  hearing on the petition at which Petitioner was represented by counsel. *See*
9  *Delci II*, 2023 WL 2365340, at *2. Thereafter, on September 21, 2021, the
10 superior court denied the petition [*see* Dkt. No. 1 at 4], finding that there was
11 "sufficient evidence to establish [Petitioner's] guilt, beyond a reasonable
12 doubt, of second degree murder as a direct aider and abettor." *See Delci II*,
13 2023 WL 2365340, at *2.
14     Petitioner appealed and filed an accompanying habeas petition in the
15 California Court of Appeal, which affirmed the superior court's denial of his
16 resentencing petition and denied his habeas petition on March 6, 2023. *See*
17 *Delci II*, 2023 WL 2365340, at *9; *see* Cal. App. Cts. Case Info. http://
18 appellatecases.courtinfo.ca.gov/ (search for Case No. B321013 in 2d App.
19 Dist.) (last visited on Nov. 4, 2024). Petitioner sought review in the California
20 Supreme Court, which denied review on May 31, 2023. *See* Cal. App. Cts.
21 Case Info. http://appellatecases.courtinfo.ca.gov/ (search for Case No.
22 S279364) (last visited on Nov. 4, 2024).
23     **C. Federal Habeas Petition**
24     On September 3, 20224, Petitioner filed the instant Petition. Liberally
25 construed, *see Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district
26 courts are obligated to liberally construe pro se litigant filings), the Petition
27 states the following two grounds for relief concerning the denial of his
28 resentencing petition:

3

1. The superior court violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights by finding that he was guilty beyond a reasonable doubt of second-degree murder as an aider and abettor because that finding contravened the jury's acquittal on the first-degree murder count and its finding that a principal did not personally use a firearm.[1]

2. Petitioner's appointed counsel deprived him of his Sixth Amendment right to effective assistance by failing to present newly discovered evidence at the hearing on his resentencing petition.[2]

[*See* Dkt. No. 1 at 5-24, 51-66, 101-26.]

## II. Discussion

### A. Duty to Screen

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

Rule 4 permits courts to dismiss claims "that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (citations omitted). In determining whether dismissal is warranted under Rule 4, "the standard is not whether the claim will ultimately – or even likely – succeed or fail, but

---

[1] In connection with this claim, Petitioner asserts that the superior court committed several other errors in finding him ineligible for resentencing under California Penal Code section 1170.95 and that there is no support in the record for that finding. [*See* Dkt. No. 1 at 18-22, 116-26.] He also asks this Court to conduct an independent review to determine whether he is eligible for resentencing. [*See* Dkt. No. 1 at 21.]

[2] The Petition asserts three ineffective-assistance claims, but the second two appear to be duplicative of the first. [*See* Dkt. No. 1 at 5-6, 20, 23-24, 51-66.] In any event, as explained herein, any claim that counsel was ineffective in connection with the hearing on Petitioner's resentencing petition is not cognizable on federal habeas review.

4

rather, whether the petition states a cognizable, non-frivolous claim." *Id.* at 1046.

As explained below, a review of the Petition suggests that it does not allege any claim that is cognizable on federal habeas review.

## B. Failure to State a Cognizable Claim

### 1. Ground One

In his first ground for relief, Petitioner asserts several challenges to the superior court's finding that he was guilty beyond a reasonable doubt of second-degree murder as an aider and abettor and, thus, ineligible for resentencing under California Penal Code section 1170.95. [*See* Dkt. No. 1 at 5, 18-22, 116-26.]

#### a. Applicable Law

Federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is not available for errors in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process violation.'" *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (quoting *Richmond v. Lewis*, 506 U.S. 40, 50 (1992)).

#### b. Analysis

A review of the Petition's first ground for relief suggests that it fails to state a cognizable claim for relief. It asserts that the trial court committed

several errors in denying Petitioner's section 1170.95 resentencing petition. Federal courts have routinely held that challenges to denials of section 1170.95 resentencing petitions "pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable" on federal habeas review. *Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020); *see, e.g.*, *Clemons v. Johnson*, No. 2:22-cv-05719-MWF (AFM), 2023 WL 5184181, at *2 (C.D. Cal. June 16, 2023) (claims arising from denial of section 1170.95 resentencing petitions were not cognizable on federal habeas review), *accepted by* 2023 WL 5180324 (C.D. Cal. Aug. 10, 2023); *Allen*, 2020 WL 1991426, at *13 (C.D. Cal. Jan. 7, 2020) (same); *see also Walker v. Cal. Sup. Ct.*, No. CV 22-4638-CAS(E), 2022 WL 11337927, at *2 (C.D. Cal. Sept. 13, 2022) (same under section 1172.6), *accepted by* 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022); *McCavitt v. Costello*, No. 2:22-cv-1926-KJM-KJN-P, 2022 WL 17813204, at *2-3 (E.D. Cal. Dec. 12, 2022) (same), *accepted by* 2023 WL 2602019 (E.D. Cal. Mar. 22, 2023). Petitioner's challenges to his eligibility for resentencing under former section 1170.95 likewise present only state-law claims and therefore do not appear to be cognizable on federal habeas review.

That Petitioner alludes to his Fifth, Sixth, and Fourteenth Amendment rights [*see* Dkt. No. 1 at 14] is insufficient to transform his state-law claims into cognizable federal ones. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (explaining that petitioner may not convert state-law claim into federal one by making general appeal to constitutional guarantee); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (habeas petitioner's mere reference to Due Process Clause was insufficient to render his claims viable under 14th Amendment.

Moreover, Petitioner cannot show that state courts' denial of his resentencing petition was "so arbitrary or capricious as to constitute an

1 independent due process" violation. *Richmond*, 506 U.S. at 50. The
2 California Court of Appeal held that he was ineligible to be resentenced
3 pursuant to California Penal Code section 1170.95 because "substantial
4 evidence support[ed] the [superior] court's finding that [he] [was] guilty [of
5 second-degree murder] as a direct aider and abettor." *See Delci II*, 023 WL
6 2365340, at *5; *see id.* at *6 ("Under the law, [Petitioner] is guilty of second
7 degree murder as an aider and abettor."). When, as here, a petitioner is "not
8 entitled to resentencing under state law," the failure to grant the requested
9 relief is not "arbitrary or capricious" and does "not deprive him of due
10 process." *Cole*, 480 F. Supp. 3d at 1098; *see also Torricellas v. Core*, No. 22-cv-
11 1670-MMA-KSC, 2023 WL 2544558, at *7 (S.D. Cal. Mar. 15, 2023) (noting
12 that the "Supreme Court has not yet specified what requirements, if any, due
13 process imposes upon state law resentencing proceedings," and that fact
14 "would alone be sufficient grounds to deny the Petition because there is no
15 'clearly established' federal law on which petitioner can rely" (citing *Wright v.*
16 *Van Patten*, 552 U.S. 120, 126 (2008) (per curiam))), *accepted by* 2023 WL
17 3990053 (S.D. Cal. June 13, 2023), *appeal filed*, No. 23-55640 (9th Cir. July
18 21, 2023).

19 As such, it appears that the Petition's first ground for relief is not
20 cognizable and, thus, should be dismissed.

### 2. Ground Two

22 In his second ground for relief, Petitioner contends that his appointed
23 counsel deprived him of his Sixth Amendment right to effective assistance by
24 failing to present newly discovered evidence at the hearing on his
25 resentencing petition. [*See* Dkt. No. 1 at 5-6, 51-66.]

26 This claim does not appear to be cognizable on federal habeas review
27 because Petitioner did not have a constitutional right to counsel in connection
28 with his resentencing Petition. The Supreme Court has never held that a

criminal defendant has a constitutional right to counsel in" prosecuting a petition for resentencing under section 11170.95. *Martinez v. Koenig*, No. CV 20-8361-VBF (JEM), 2021 WL 8015539, at *4 (C.D. Cal. Apr. 20, 2021) (collecting cases), *accepted by* 2022 WL 1062072 (C.D. Cal. Apr. 4, 2022). To the contrary, it has explicitly noted that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and thus, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Accordingly, district courts within the Ninth Circuit routinely hold that ineffective-assistance claims concerning resentencing-petition proceedings are not cognizable on federal habeas review. *See, e.g.*, *Solorio v. Pfeiffer*, No. CV 24-0574-ODW (AS), 2024 WL 3523857, *5 (July 24, 2024) (petitioner's claim that counsel was ineffective during resentencing-petition proceedings was not cognizable because he did not have Sixth Amendment right to counsel in those proceedings); *Orcasitas v. Asuncion*, No. 2:23-cv-01531-JGB (MAR), 2024 WL 1607504, at *4 (C.D. Cal. Feb. 14, 2024) ("Nor can Petitioner raise a federal question by invoking the Sixth Amendment right to counsel, because even though Cal. Penal Code [section] 1172.6 may permit the appointment of counsel, 'the Sixth Amendment guarantees no such right under federal law.'"; collecting cases (citations omitted)), *accepted by*, 2024 WL 1604637 (C.D. Cal. Apr. 10, 2024); *Thompson v. Martinez*, 2023 WL 8939217, *7 (C.D. Cal. Dec. 18, 2023) ("Petitioner's contention that his trial counsel was ineffective at [section 1172.6] resentencing proceedings and his appellate counsel was ineffective on appeal from those proceedings 'is simply untenable'" and "fails to state a cognizable claim on federal habeas review." (citation omitted)),

*accepted by* 2024 WL 313612 (C.D. Cal. Jan. 25, 2024), *appeal filed*, No. 21-818 (9th Cir. filed Feb. 15, 2024).

As such, it appears that the Petition's ineffective-assistance claim is not cognizable and, therefore, should be dismissed.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** Petitioner to show cause **by no later than January 3, 2025**, as to why the Petition should not be dismissed with prejudice because it fails to state a cognizable claim for federal habeas relief.

**Petitioner is admonished that the Court will construe his failure to file a response to this Order by January 3, 2025, as a concession on his part that the Petition's claims are not cognizable. In that event, the Court will recommend that the Petition dismissed prejudice for failure to allege a cognizable claim.**

**IT IS SO ORDERED**.

DATED: November 21, 2024

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

9