UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. DELCI,<br><br>        Petitioner,<br><br>    v.<br><br>ROBERTO A. ARIAS,<br><br>        Respondent. | Case No. 2:24-cv-07531-MRA-PD<br><br>**ORDER DISMISSING PETITION FOR FAILURE TO PROSECUTE** |

### I.    Pertinent Procedural History and Petitioner's Contentions

On September 3, 2024, Petitioner Anthony M. Delci, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. [Dkt. No. 1.] Liberally construed, *see Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition states the following two grounds for relief concerning the denial of his resentencing petition: (1) The superior court violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights by finding that he was guilty beyond a reasonable doubt of second-degree murder as an aider and abettor, because that finding contravened the

jury's acquittal on the first-degree murder count and its finding that a principal did not personally use a firearm;[1] and (2) Petitioner's appointed counsel deprived him of his Sixth Amendment right to effective assistance by failing to present newly discovered evidence at the hearing on his resentencing petition.[2]  [*See* Dkt. No. 1 at 5-24, 51-66, 101-26.]

On November 21, 2024, the Court issued an Order to Show Cause ("OSC") directed to Petitioner because the face of the Petition suggests that it does not allege any claim that is cognizable on federal habeas review.[3]  [Dkt.

---

[1] In connection with this claim, Petitioner asserts that the superior court committed several other errors in finding him ineligible for resentencing under California Penal Code section 1170.95 and that there is no support in the record for that finding.  [*See* Dkt. No. 1 at 18-22, 116-26.]  He also asks this Court to conduct an independent review to determine whether he is eligible for resentencing.  [*See* Dkt. No. 1 at 21.]

[2] The Petition asserts three ineffective-assistance claims, but the second two appear to be duplicative of the first.  [*See* Dkt. No. 1 at 5-6, 20, 23-24, 51-66.]  As explained in the Order to Show Cause, any claim that counsel was ineffective in connection with the hearing on Petitioner's resentencing petition is not cognizable on federal habeas review.  [*See* Dkt. No. 8 at 7-9.]  The Supreme Court has never held that a criminal defendant has a constitutional right to counsel in prosecuting a petition for resentencing under section 1170.95.  *Martinez v. Koenig*, No. CV 20-8361-VBF (JEM), 2021 WL 8015539, at *4 (C.D. Cal. Apr. 20, 2021) (collecting cases), *accepted by* 2022 WL 1062072 (C.D. Cal. Apr. 4, 2022).  To the contrary, it has explicitly noted that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and thus, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)).

[3] As explained in the OSC, federal courts have routinely held that challenges to denials of section 1170.95 resentencing petitions "pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable" on federal habeas review.  *Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020); *see, e.g., Clemons v. Johnson*, No. 2:22-cv-05719-MWF (AFM), 2023 WL 5184181, at *2 (C.D. Cal. June 16, 2023) (claims arising from denial of section 1170.95 resentencing petitions were not cognizable on federal habeas review), *accepted by* 2023 WL 5180324 (C.D. Cal. Aug. 10, 2023).  [*See* Dkt. No. 8 at 5-7.]

No. 8.]  Petitioner was warned that his failure to respond to the OSC by January 3, 2025, would be construed as a concession on his part that the claims were not cognizable on habeas review and that the Court would dismiss the Petition.  [Id. at 9.]  The Court's OSC was mailed to the address listed on the Petition, which is California State Prison-Calipatria, in Calipatria, California.[4]  [Id.]

      To date, Petitioner has not responded to the Court's OSC or otherwise communicated with the Court about his case since September 2024.  Accordingly, the Petition is now subject to dismissal for Petitioner's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.   Discussion

      Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).  In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

---

[4] According to the California Incarcerated Records & Information Search ("CIRIS"), Petitioner is housed at California State Prison-Calipatria.  *See* https://cdcr.ca.gov/search (search for "Delci" and "Anthony" and Petitioner's CDCR # BH2210) (last searched February 24, 2025.)

3

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Petitioner did not respond to the OSC. His failure to file a response—or show good cause for his delay—prevents the Court from moving this case toward disposition and shows that Petitioner does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Respondent – does not counsel in favor of dismissal because no viable pleading exists, and thus Respondent is unaware that a case has been filed. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Petitioner's inaction in this matter is an unreasonable delay, given that the Court mailed the OSC to Petitioner and has received no communication from him. In the absence of any explanation, non-frivolous or otherwise, for Petitioner's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Petitioner has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: February 28, 2025

Hon. Mónica Ramírez Almadani
United States District Judge

5